UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOSHUA BEAN,<br><br> Plaintiff,<br><br> v.<br><br>NANCY MARTHAKIS, WILKS, STEPHANIE RILEY, DOCTOR, CHRISTINA CHICO, KIMBERLY PFLUGHAUPT, DIANE THEWS, KAREN J. FAGAN, TIFFANY TURNER, JACQUELINE MONACO, TEAGAN NELSON, ROXANNE LISTON, IRASEMA A. HERNANDEZ, BETTY BOGGS, RON NEAL, and KRISTEN DAUSS,<br><br> Defendants. | CAUSE NO. 3:24-CV-142-DRL-MGG |

OPINION AND ORDER

 Joshua Bean, a prisoner without a lawyer, began this case by filing a complaint and a motion seeking preliminary injunctive relief. ECF 1 and 2. The court screened the complaint under 28 U.S.C. § 1915A and found it did not state a claim. ECF 13. That order also denied the preliminary injunction and granted Mr. Bean leave to file an amended complaint. *Id.* In response, he filed a notice that he would not be filing an amended complaint with a motion asking the court to reconsider the screening order. ECF 14.

 Mr. Bean argues the court should not have considered his medical records for the purposes of screening because he did not intend to have them attached to his complaint. He argues the clerk erroneously attached them even though he wanted them to be

attached to his Verified Memorandum of Law in Support of Plaintiff's Verified Motion for a TRO & Preliminary Injunctions. This argument is contrary to his request in the complaint that the Verified Memorandum be incorporated into the complaint. ECF 1 ¶ 61. Mr. Bean cannot ask the court to consider the Verified Memorandum as a part of the complaint and then later complain that the court did so. Moreover, if the court were to have considered the medical records solely in relation to the request for a preliminary injunction (as Mr. Bean now argues), that might have created a paradox where the complaint stated a claim, but the preliminary injunction motion with its medical records demonstrated both that he was not entitled to injunctive relief and that he did not state a claim. The complaint and the preliminary injunction motion were filed together with the medical records and it was not improper for the court to have "liberally construed" his filings and considered them together when evaluating his claims.

Mr. Bean argues the court improperly discounted his self-reported symptoms when it considered the treatment shown in his medical records. It did not. In determining whether he stated a claim, the court accepted as true the symptoms he reported. Having a serious medical need is necessary, but not sufficient to state a claim. To prevail on an Eighth Amendment claim for a denial of medical treatment, Mr. Bean must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The treatment Mr. Bean received was properly considered in determining whether the defendants were deliberately indifferent. For a medical professional to be held liable for deliberate indifference to an inmate's medical

2

needs, he must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). It is not enough that a medical professional be mistaken in his or her judgment. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). To state a claim, an inmate must plausibly allege the treatment decision was "blatantly inappropriate." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014). This complaint (with the undisputed portions of the medical records) did not plausibly make such allegations.

Mr. Bean argues the court improperly rejected his retaliation claims. He argues the court should not have considered whether temporarily discontinuing one of his medications was within the range of accepted judgment, practice, or standards for a medical professional. The First Amendment activity Mr. Bean alleges he engaged in was reporting symptoms which were side effects and/or overdose symptoms of the discontinued medication. As explained in the screening order, temporarily discontinuing that medication was a reasonable medical response to those symptoms. The court did not err when it found that taking an appropriate medical response did not plausibly allege retaliation for reporting a medical condition.

In support of his argument that the court should not have dismissed his retaliation claims based on his placement in a medical holding cell, Mr. Bean attempts to introduce additional facts not presented in the original complaint. Mr. Bean was given the opportunity to file an amended complaint, but explicitly refused to do so when he wrote: "He [Mr. Bean] stands on his complaint, and will not be amending it." ECF 14 ¶ 1. This

3

court's Local Rules require that a pleading "must reproduce the entire pleading as amended [and] must not incorporate another pleading by reference." N.D. Ind. L.R. 15-1(b). District courts may strictly enforce local rules even against parties who are unrepresented by counsel. *McCurry v. Kenco Logistics Servs., LLC*, 942 F.3d 783, 787 (7th Cir. 2019) and *Robinson v. Waterman*, 1 F.4th 480, 482 (7th Cir. 2021). Mr. Bean was told that he needed to file an amended complaint if he believed he could state a claim. He was told how to file an amended complaint. He was cautioned this case could be dismissed. Mr. Bean refused to file an amended complaint. The motion to reconsider does not argue that the court erred when it found that the original complaint did not plausibly allege his placement in the medical holding cell was retaliatory. The motion to reconsider does not present a basis for reversing that ruling.

Mr. Bean argues "this court did not recognize or analyze [the] Plaintiff's allegation that Chico violated the Eighth Amendment with her slander/libel[.]" ECF 14 ¶ 4. Mr. Bean is correct that the court did not recognize that the complaint was raising a separate Eighth Amendment claim because it asserted, "as a State tort, Defendant Chico committed libel and/or slander against the Plaintiff" without also mentioning the assertion of a federal claim. ECF 1 ¶ 2. The court did, however, analyze the possibility of a federal claim:

> Mr. Bean alleges Dr. Christina Chico . . . did liable and slander him. *Id*. Perhaps because he knows these claims cannot be brought under 28 U.S.C. § 1983, Mr. Bean presents them as state law claims. *See Paul v. Davis*, 424 U.S. 693, 712 (1976) ("interest in reputation . . . is neither 'liberty' nor 'property' guaranteed against state deprivation without due process of law.").

4

ECF 13 at 18-19. The motion to reconsider does not present a basis for finding that the complaint states a federal claim for slander/libel. "Freedom from being described as 'dishonest' (or the equivalent) by a state actor is not a fundamental right. Indeed, we know from *Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976), that it is not a constitutional right of any kind. *Salem v. Att'y Registration & Disciplinary Comm'n of Supreme Ct. of Illinois*, 85 F.4th 438, 443 (7th Cir. 2023).

For these reasons, the court:

(1) DENIES the motion to reconsider (ECF 14); and

(2) DISMISSES this case under 28 U.S.C. § 1915A because the complaint (ECF 1) does not state a claim for the reasons more fully explained in the screening order (ECF 13).

SO ORDERED.

July 17, 2024               *s/ Damon R. Leichty*
                            Judge, United States District Court